**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: | Chapter 7 |
| | Case Number: 18-30214-KLP |
| **ROBERT E. HICKS** | |
| Debtor. | |

| | |
|---|---|
| **STONEBRIDGE INVESTMENT** | ) |
| **COMPANY, LLC** | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) |
| | ) |
| **ROBERT E. HICKS** | ) |
| | ) |
| and **PETER J. BARRETT, TRUSTEE,** | ) |
| | ) |
| Respondents. | ) |

**Consent Motion for Relief from the Automatic Stay
And Approval of Purchase Agreement**

Stonebridge Investment Company, LLC, a Virginia limited liability Company ("Stonebridge"), by counsel, for its Consent Motion for Relief from Automatic Stay and Request for Approval of Purchase Agreement, pursuant to Section 362 of the Bankruptcy Code, and states as follow:

1. Stonebridge is a secured creditor with validly perfected deed of trust liens on two (2) real properties, commonly known as 1702 Grove Avenue, Richmond, Virginia 23220

Alexander Hamilton Ayers (VSB No. 77826)
Scott D. Stolte, Esquire (VSB No. 28357)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:     (804) 358-4731
Facsimile:      (803) 864-0895
E-Mail:          aayers@ayerslaw.com
                    sstolte@ayerslaw.com
*Counsel for Stonebridge Investment Company, LLC*

(hereinafter the "Grove Property") and 3207 Hanover Avenue, Richmond, Virginia 23221 (hereinafter the "Hanover Property"), as more particularly described on the attached **Exhibit "A"** (hereinafter the "Properties"), which are owned by Renew Properties, LLC, a Virginia limited liability company (hereinafter "Renew Properties").

2. Robert E. Hicks (hereinafter "Hicks"), the debtor in this Chapter 7 case is the sole member and manager of Renew Properties.

3. Peter J. Barrett is currently serving as the Chapter 7 Trustee (hereinafter "Trustee").

4. Stonebridge has validly perfected first deed of trust liens on the Properties. Copies of the Deeds of Trust and related modifications (hereinafter the "Deeds of Trust") are attached hereto as **Exhibit "B," "C," and "D"**.

5. Hicks is a personal guarantor of certain notes made payable to Stonebridge which are secured by the Deeds of Trust. Copies of the Guaranty Agreements are attached hereto as **Exhibit "E," "F," and "G"** (hereinafter collectively, the "Guaranty Agreements") and copies of the Notes are attached hereto as **Exhibit "H," "I," and "J"** (hereinafter collectively, the "Notes"). Hicks has no direct ownership interest in the Properties that are described on Exhibit "A". The Properties are owned by Renew Properties, an entity in which Hicks is the sole member and manager.

6. Hicks valued his membership interest in Renew Properties at One Dollar ($1.00) on the schedule of assets filed with the Bankruptcy Court.

7. The Properties have been on the market for several months. There has been one offer of EIGHT HUNDRED FORTY THOUSAND AND NO/100 DOLLARS ($840,000.00) for the Grove Property, which was withdrawn as a result of recent

Richmond BizSense articles and the Purchaser being advised that the Bankruptcy Court must approve the sale. There is currently one offer of TWO HUNDRED TWENTY-FIVE THOUSAND AND 00/100 DOLLARS ($225,000.00) for the Hanover Property, a copy of which is attached hereto as **Exhibit "K"** for the Court's approval (hereinafter the "Purchase Agreement").

8. Renew Properties has failed to make payments according to the terms of the Notes which are in Default. The last payments received on the Notes were December 1, 2017 and January 26, 2018. No adequate protection payments have been made on the Notes and the Properties.

9. The Balance due on the Notes, which are secured by the Deeds of Trust on the Properties, including principal, interest late fees, and attorney fees total ONE MILLION FIVE HUNDRED EIGHTY-FIVE THOUSAND FOUR HUNDRED THIRTY-EIGHT AND 57/100 DOLLARS ($1,585,438.57) as of June 1, 2018, of which the sum of NINETY-TWO THOUSAND SEVEN HUNDRED SEVENTY-FIVE AND NO/100 DOLLARS ($92,775.00) is post-petition  The Notes continue to accrue interest at a default rate of 18%.

10. The current assessed value of the Grove Property is FIVE HUNDRED SISTY-ONE THOUSAND DOLLARS AND 00/100 ($561,000.00) and the current assessed value of the Hanover Property is TWO HUNDRED SIXTY THOUSAND DOLLARS AND 00/100 ($260,000.00).

11. In light of recent negative publicity from Richmond BizSense, Stonebridge believes that any sale of the Grove Property would result, at best, but likely worse, in the net payment of approximately SEVEN HUNDRED EIGHTY-THREE THOUSAND

SEVEN HUNDRED SIXTY AND NO/100 DOLLARS ($783,760.00), after deductions for any and all costs of the sale, and less than TWO HUNDRED ELEVEN THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($211,500.00) for the Hanover Property, based upon its present physical condition.

12. There is no equity in the Properties owned by Renew Properties for the benefit of the Debtor or the Bankruptcy Estate.

13. Stonebridge anticipates that there will be carrying costs for the Properties prior to any sale to a third party, to include payments of electric, water, and sewer bills, insurance, current and past due real estate taxes, regular maintenance, recording fees, and other expenses that may be necessary to maintain the Properties and make them saleable to a third party. The Hanover Property will require a total renovation likely in excess of $150,000.00, based upon an estimate provided by Renew Properties and an unrelated local realtor.

14. Due to the Debtor's protection under the Bankruptcy Code and the fact that Hicks' membership interest in Renew Properties is property of the Bankruptcy Estate, Stonebridge is requesting entry of an Order from this Bankruptcy Court granting Stonebridge relief from the automatic stay so that it can enforce its rights as a secured creditor on the Properties and to have the Grove Property transferred from Renew Properties to Stonebridge by deed in lieu of foreclosure and for the Court's approval of the sale of the Hanover Property pursuant to the Purchase Agreement.

15. The Debtor, as sole member and manager of Renew Properties, has consented to surrendering Renew Properties' interest in the Grove Property and agrees to execute a deed in lieu of foreclosure conveying title in and to the Grove Property to Stonebridge

and further consents to the Purchase Agreement and endorsing a deed for the Hanover Property to Castle Kanawha 1508, LLC from Renew Properties.

16. The Trustee has also consented to granting Stonebridge relief from the automatic stay to permit Stonebridge to receive and record the deed in lieu of foreclosure for the Grove Property from Renew Properties and to the sale of the Hanover Property pursuant to the Purchase Agreement and under the terms and conditions set forth in the attached proposed consent Order Approving Relief from Stay with Debtor and Trustee and Approval of the Purchase Agreement (hereinafter the "Consent Order"), a copy of which is attached hereto as **Exhibit "L"**.

17. The surrender of Renew Properties' interest in the Grove Property and the sale of the Hanover Property will eliminate the expenses to the Bankruptcy Estate that would be associated with continuing to maintain ownership of these Properties. These expenses would include real estate taxes, utilities, maintenance, property and liability insurance and other expenses associated with maintaining and marketing the Properties.

18. Stonebridge has established "cause" for this request for relief from the automatic stay and approval of the purchase agreement.

19. The Trustee has consented to the relief requested by Stonebridge.

20. Stonebridge further requests that the Court waive the requirement of the Federal Rules of Bankruptcy Procedure 4001 (a) (3) so that the deed in lieu of foreclosure can be immediately recorded, the sale of the Hanover Property be approved and closed and Renew Properties relieved of the responsibility to pay various costs that are associated with maintaining and attempting to sell the Properties.

WHEREFORE, Stonebridge Investment Company, by counsel, requests entry of an order granting it relief from the automatic stay under the terms of the attached Consent Order approving relief and approval of the Sale of the Hanover Property pursuant to the terms of the Purchase Agreement and further requests that the Court waive the stay requirement of the Federal Rules of Bankruptcy Procedure 4001 (a) (3).

                STONEBRIDGE INVESTMENT
                COMPANY, LLC,
                a Virginia limited liability company,

                /s/ Alexander Hamilton Ayers

Alexander Hamilton Ayers (VSB No. 77826)
Scott D. Stolte, Esquire (VSB No. 28357)
Ayers & Stolte, P.C.
710 North Hamilton Street
Richmond, Virginia 23221
Telephone:   (804) 358-4731
Facsimile:   (803) 864-0895
E-Mail:   aayers@ayerslaw.com
           sstolte@ayerslaw.com
*Counsel for Stonebridge Investment Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2018, a true and correct copy of the foregoing Motion was filed electronically with the Court's CM/ECF case filing system which sent notice to all parties who have appeared in the case. I further certify that a true and correct copy of the foregoing Motion was served via first class mail and/or e-mail upon the following parties in interest:

Franklin R. Cragle, III, Esquire
Robert S. Westermann, Esquire
Hirschler Fleischer
2100 East Cary Street
Richmond, VA 23223-7078
fcragle@hf-law.com
rwestermann@hf-law.com
*Counsel for Peter J. Barrett, Chapter 7, Trustee*

US Trustee's Office
Robert B. Van Arsdale, Esquire, Assistant US Trustee
701 E. Broad Street, suite 4304
Richmond, Virginia 23219
Robert.B.VanArsdale@usdoj.gov

Robert A. Canfield, Esquire
Hunter R. Wells, Esquire
Canfield, Wells & Kruck, LLP
4124 E. Parham Road
Henrico, Virginia 23228
bob@cwkllp.com
hunter@cwkllp.com
*Counsel for Debtor, Robert E. Hicks*

/s/ Alexander Hamilton Ayers