Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:     (804) 771-5610
Facsimile:      (804) 644-0957
Email:          rwestermann@hirschlerlaw.com
                akalyniuk@hirschlerlaw.com


*Counsel to the Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

|  |  |
|---|---|
| In re: | |
| **ROBERT E. HICKS**, | Chapter 7 |
| | Case No. 18-30214-KLP |
| Debtor. | |

### APPLICATION OF THE TRUSTEE TO RETAIN
### AND EMPLOY BLUE DOG PROPERTIES, INC. AS REAL ESTATE BROKER

Peter J. Barrett, Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Robert E. Hicks (the "**Debtor**"), by his undersigned counsel, pursuant to Section 327 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby applies (the "**Application**") to the Court for the entry of an order authorizing the Trustee to retain and employ Blue Dog Properties, Inc. ("**Blue Dog**") as real estate broker, and, in support thereof, respectfully represents as follows:

1.       On January 16, 2018 (the "**Petition Date**"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case, which was converted to one under Chapter 7 of the Bankruptcy Code on April 10, 2018 whereby the Trustee was appointed as the interim Chapter 7 Trustee.

2.       The United States Bankruptcy Court for the Eastern District of Virginia (the "**Court**") has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This

is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Court.  Venue

is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.        In connection with this bankruptcy case, the Trustee seeks to sell certain real

property located at 3232 Grove Avenue, Richmond, Virginia 23221 (the "**3232 Grove Avenue**

**Property**") through traditional residential real estate listing methods in the exercise of the

Trustee's business judgment.  The Trustee believes this will generate the highest return for the

3232 Grove Avenue Property.  The 3232 Grove Avenue Property is more particularly described

as follows:

**ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, TOGETHER WITH ALL
IMPROVEMENTS   THEREON   BELONGING,   KNOWN,   NUMBERED   AND
DESIGNATED AS NO. 3232 GROVE AVENUE, LYING AND BEING IN THE CITY OF
RICHMOND, VIRGINIA AND DESCRIBED AS FOLLOWS:**

**BEGINNING AT THE NORTHEASTERN INTERSECTION OF GROVE AVENUE AND
TILDEN STREET, THENCE RUNNING EASTWARDLY ALONG AND FRONTING ON
THE  NORTH  LINE  OF  GROVE  AVENUE  33  FEET  AND  EXTENDING  BACK
NORTHWARDLY FROM SAID FRONT BETWEEN THE EAST LINE OF TILDEN
STREET AND A LINE PARALLEL THEREWITH 140 FEET TO AN ALLEY 12 FEET
WIDE, ALL AS SHOWN ON A PLAT OF SURVEY BY A.G. HAROCOPOS &
ASSOCIATES, P.C., CERTIFIED LAND SURVEYOR AND CONSULTANT, DATED
APRIL 29, 1992, ATTACHED TO AND MADE A PART OF DEED IN DEED BOOK 302,
PAGE 1875 AND TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE
PARTICULAR DESCRIPTION OF THE PROPERTY HEREBY CONVEYED.**

4.        In connection with these sale efforts, the Trustee requires the assistance of

competent and experienced real estate brokers for the purpose of marketing, selling, and attaining

the highest and best offer for the real property.

5.        Accordingly, by this Application, the Trustee requests approval to retain the

services of Blue Dog as his real estate broker for the purposes of marketing and selling the 3232

Grove Avenue Property.  As such, the Trustee and Blue Dog have entered into a residential listing

agreement (the "**Agreement**").  A true and correct copy of the Agreement is attached hereto as

**Exhibit A**.

6.      At this time the Trustee has not identified any other parcels of real estate that the

Trustee seeks to sell through Blue Dog, the Trustee proposes that, to the extent the Trustee

identifies other real property for sale by Blue Dog, the Trustee will file a notice of the respective

residential listing agreement with the Court.  The Trustee proposes to serve such residential listing

agreement on the U.S. Trustee and any lender secured by the real property.  All parties-in-interest

and creditors will have ten (10) business days to object to the Agreement.  If an objection is timely

filed, the matter will be set for hearing.  If no objection is timely filed, then the Agreement will be

deemed approved.

7.      Blue Dog does not hold or represent an interest adverse to the Debtor or its

bankruptcy estate, and is a disinterested party pursuant to the requirements of Section 327(a) of

the Bankruptcy Code.  In support of this Application, attached hereto as **Exhibit B** is the

Declaration of G. Baker Ellett, Principal Broker of Blue Dog.

8.      Accordingly, employment and retention of Blue Dog is in the best interests of the

Debtor's Estate, its creditors, and all parties in interest.  In the exercise of the Trustee's business

judgment, the Trustee believes that employment of Blue Dog will generate more value from the

3232 Grove Avenue Property than if a secured creditor were to foreclose on the property, the

Trustee were to attempt to sell the property on his own, the Trustee were to sell the real property

through the use of other real estate brokers, and/or the Trustee were to auction the property through

the use of the auctioneer.

## WAIVER OF MEMORANDUM OF LAW

9.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Trustee requests that the requirement that all motions be accompanied by a separate memorandum of law be waived.

## NO PRIOR REQUEST

10.      No previous request for the relief sought herein has been made to this Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order attached hereto as **Exhibit C**, authorizing the employment and retention of Blue Dog as real estate broker for the Trustee for the sole purpose of marketing and selling the 3232 Grove Avenue Property.

Dated:  March 1, 2019

*/s/ Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:    (804) 771-5610
Facsimile:    (804) 644-0957
Email:        rwestermann@hirschlerlaw.com
              akalyniuk@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2019, a true and correct copy of the foregoing Application was served using the Court's ECF system, which thereby caused the Application to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and further certify that on March 1, 2019, a true and correct copy of the foregoing Application was served via first-class, U.S. mail on the parties listed below:

**Robert E. Hicks, Debtor**
c/o Robert A. Canfield
Canfield, Wells & Kruck, LLP
4124 E. Parham Road
Henrico, Virginia 23228

**April Straus**
c/o Bill Baldwin
Meyer, Baldwin, Long, & Moore LLP
5600 Grove Avenue
Richmond, Virginia 23226

**Peter J. Barrett, Chapter 7 Trustee**
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

**Jennifer J. West, counsel to Citizens & Farmers Bank**
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, Virginia 23219

**Daniel Kevin Eisenhauer, counsel to Franklin American Mortgage Company**
Stern & Eisenberg Mid-Atlantic, PC
9920 Franklin Square Dr., Suite 100
Baltimore, Maryland 21236

**Horizon Forest Products, L.P.**
c/o W. Ashley Burgess, Esquire
Sands Anderson PC
P.O. Box 1998
1111 E. Main Street, 24th Floor
Richmond, Virginia 23218

**The Sherwin-Williams Company**
c/o Solodar & Solodar
4825 Radford Ave, Suite 201
Richmond, Virginia 23230

**Mark K. Brown**
c/o David Oberg
917 E. Jefferson Street
Charlottesville, Virginia 22902-0000

**Mark K. Brown**
454 Pewter Ct., No. 301
Charlottesville, Virginia 22911

**Noland Company**
c/o Derrick Rosser
211-A England Street
Ashland, Virginia 23005-0000

**Noland Company**
2101 Staples Mill Road
Richmond, Virginia 23230-0000

/s/ *Robert S. Westermann*
*Counsel to the Chapter 7 Trustee*

**<u>Exhibit A</u>**

**<u>Residential Listing Agreement</u>**




## CVRMLS RESIDENTIAL LISTING AGREEMENT
### (Standard Agency Representation)

Firm Name _____ **Blue Dog Properties, INC** _____
Firm Address **3110 W Marshall Street** _____ **Richmond** ___ **VA** __ **23230** __
Firm Broker Name _____ **G. Baker Ellett** _____
Firm Broker's Phone Number _____ **804-353-1827** _____

**1. Exclusive Right To Sell:** The undersigned Owners _____ **Peter J. Barrett, Trustee** _____
_____ (the "Owner") hereby grant unto the above named firm (the "Broker") for and in consideration of the services to be rendered by Broker, the exclusive and irrevocable right and privilege beginning with the date of the last Owner's signature obtained on this Agreement and ending at 11:59 p.m. on _____ **TBD** _____, 20_____ to sell the property described herein for the price and upon the terms and conditions as set forth herein, or for such other price, terms or conditions as may be hereafter agreed upon in writing. In the event Owner, during the term hereof, agrees to sell the property described herein, and for any reason the purchase and sale transaction is not consummated, Owner agrees that Broker shall continue to have the right to sell the property and to file the property with the Central Virginia Regional Multiple Listing Service ("CVRMLS").

Property located in City/County _____ **Richmond** _____, Virginia, with a street address of: _____ **3232** _____ **Grove Ave** _____, Tax Parcel # _____ **W000-1460-039** _____, and a legal description of **0033.00X0140.00 0000.000** _____(the "Property").

**2. Items Included**: Unless otherwise specified in the real estate purchase agreement all improvements, fixtures appurtenances and the additional property, if any, described here **TBD** _____
_____ are included in the sales price.

**3. Listing Price and Terms:**
The sale price of the Property is to be $ _____ **0.00** _____ which price includes selling compensation, and the terms and conditions of said sale are as follows:
    (a)   Owner's incentives _____
    (b)   Possession shall be at settlement unless otherwise agreed by Owner and purchaser.
    (c)   Other: **The final listing price shall be determined after a Broker inspection of the property. Price range for this listing is $850,000 - $990,000 based on current market conditions.**

**4. Multiple Listing Service:** Owner is aware that Broker, a CVRMLS member, will file the Property and all pertinent information regarding it with CVRMLS. Such information, together with any other information provided to or obtained by Broker with respect to the Property, may be disclosed to prospective purchasers and other brokers and may be included in all listings and other materials distributed by CVRMLS either before or after the term of this listing or the sale of the Property. Owner understands that the primary objective of CVRMLS is to distribute information about property listings to all of its members and that the vast majority of homes for sale in the Richmond Metropolitan area are marketed through CVRMLS. Owner acknowledges that by not allowing the publication of their Property in CVRMLS, Owner will substantially reduce the number of potential purchasers and cooperating real estate offices who would learn about the availability of the Property. It is further understood that Broker will furnish to CVRMLS notice of all changes of information concerning the Property, and that upon completion of a fully executed Property sales agreement, Broker will notify CVRMLS of said sale.

**5. Compensation:** If, during the term of this Agreement, Owner sells or transfers the Property, or enters into a contract to sell or transfer the Property to a purchaser ready, willing and able to purchase on terms acceptable to Owner, or Owner receives a written offer signed by a purchaser by which such purchaser offers to purchase the Property on the terms and conditions set forth herein, then Owner agrees to pay to Broker the compensation (the "Fee") equal to the total of the following **[select all applicable box(es)]:** ☒ __6__ % of the gross sales price of the Property; ☐ **AND**
~~☐ the sum of $__~~ *Compensation subject to U.S. Bankruptcy court approval

The Fee shall be paid in cash at settlement or such other time as set forth in this Agreement. Broker has advised Owner of Broker's firm policy regarding cooperating with and compensating other real estate licensees from the compensation set forth above. Owner authorizes Broker to cooperate with and compensate other brokers the following **[select one]:** ☒ __3__ % of the gross sales price of the Property **OR** ☐ the sum of $_____. Owner agrees not to negotiate Broker's Fee or any cooperating buyer broker's compensation in a real estate sales contract for the Property.

This form was produced by Mr. Baker Ellett. CVR MLS forms may be used only by members in good standing of the Central Virginia Regional MLS.

**6.  Dual and Designated Agency:**  Owner hereby **[select one]**: ☒ consents  **OR** ☐ does not consent to dual agency regarding the sale of the Property. Owner hereby **[select one]**: ☒ consents **OR** ☐ does not consent to designated agency regarding the sale of the Property.  Dual and designated agency requires written approval of both Owner and purchaser in a real estate transaction prior to commencement of dual or designated agency. Owner is advised that a purchaser may employ the services of a buyer's agent or representative.  Owner should not disclose any confidential information to prospective purchasers or to real estate licensees other than Broker.

**7**.  **Property Owner's Association:** Owner represents that the Property **[select one]**: ☐ is  **OR** ☒ is not subject to the Virginia Property Owners' Association Act.  If the Property is subject to such Act, Owner ☐ authorizes  **OR** ☐ does not authorize Broker to order a disclosure packet from the Association. Owner shall either pay the Association or reimburse Broker for the packet. If not paid prior to settlement, the cost of the packet shall be deducted from Owner's sales proceeds at settlement.

**8. Condominium:** Owner represents that the Property **[select one]**: ☐ is  **OR** ☒ is not subject to the Virginia Condominium Act.  If the Property is subject to such Act, Owner ☐ authorizes  **OR** ☒ does not authorize Broker to order a resale certificate from the Association.  Owner shall either pay the Association or reimburse Broker for the certificate.  If not paid prior to settlement, the cost of the certificate shall be deducted from Owner's sales proceeds at settlement.

**9**.  **Internet and Other Media:**  Owner authorizes the dissemination of Property/sales information to CVRMLS participants, including electronic format, magazines and other media. CVRMLS brokers may publish listings of competing brokers on their web sites. If authorized below, Broker's website may also allow third-parties to (i) write comments or reviews about the Property or display a hyperlink to comments or reviews in immediate conjunction with particular listings, or (ii) display an automated estimate of the market value of the Property (or hyperlink to such estimate) or other listings in immediate conjunction with the Property.  **If Owner does not want the Property listing or address displayed on the Internet, Owner must complete the "OPT OUT OF INTERNET" section below.**

<div style="border:1px solid black">

**OPT-OUT OF INTERNET:   Complete this section only if Owner desires to opt out of Internet display**

Owner may opt out of having the property listing or property address displayed on the Internet by selecting Option A or B below.

**Option A:** [      ] Owner has advised Broker that Owner does not want the Property displayed on the Internet.      **OR**
**Option B:** [      ] Owner has advised Broker that Owner does not want the address of the Property displayed on the Internet.

Owner understands and acknowledges that if **Option A** has been selected, consumers who conduct searches for listings on the Internet will not see information about the Property in response to their search.  _____/_____ (**Owner's Initials**)

</div>

Owner (**initial one**): ___X___ authorizes **OR** _____ does not authorize  third-parties to write comments or reviews about the Property or provide hyperlinks to comments or reviews to any property in immediate conjunction with the Property.

Owner (**initial one**): ___X___ authorizes **OR** _____ does not authorize  an automated estimate of the market value of the Property (or any hyperlink to such estimate) or any property in immediate conjunction with the listing.

**Notwithstanding the above instructions that will be associated with Owner's MLS Property listing, Owner acknowledges that Broker cannot control the content of third-party websites that may display information or values about Owner's Property.**

**10. Use of Listing Content; Intellectual Property Assignment**.  Owner acknowledges and agrees that all photographs, images, graphics, video recordings, virtual tours, drawings, written descriptions, remarks, narratives, pricing information, and other copyrightable elements relating to the Property provided by Owner to Broker, or otherwise obtained or produced by Broker in connection with this Agreement, and any changes to such information (the "Listing Content"), may be filed with one or more multiple listing services, included in compilations of listings, and otherwise distributed, publicly displayed and reproduced. Owner **[select one]**: ☒ does  **OR** ☐ does not hereby irrevocably assign and transfer to Broker any and all copyright rights and other intellectual property rights, and all actions and causes of action related to the foregoing, and all damages, profits, and other recoveries related thereto, which Owner may have or acquire in and to any and all Listing Content.  If Owner irrevocably assigns and transfers to Broker the said rights, then Owner represents and warrants to Broker that the Listing Content and this assignment of rights to Broker does not violate or infringe upon the rights, including any copyright rights, of any person or entity. Owner shall indemnify Broker against all damages, costs, and liabilities, including twenty-five percent (25%) attorney fees, arising from any claim that the Listing Content or any portion of the Listing Content infringes the rights of any third party.

**11. Lockbox:** Owner **[select one]**: ☒ requests  **OR** ☐ does not request  the installation and use of a CVR MLS approved lockbox on said Property. Owner **[select one]**: ☒ authorizes **OR** ☐ does not authorize a termite inspector to use a lockbox key for entrance

This form was produced by Mr. Baker Ellett. CVR MLS forms may be used only by members in good standing of the Central Virginia Regional MLS.

to the property unaccompanied by Broker or Broker's authorized agent. Owner is aware and understands that a lockbox is a means by which persons who have authorized access to said lockbox keys may gain entrance. Owner hereby jointly and severally releases and forever discharges Broker and all other persons who have authorized access to said lockbox keys from all liability, obligations, causes of action, claims and demands whatsoever which Owner may have by virtue of the installation and use of such lockbox. Owner agrees to notify tenant in writing, if any, of intended use of lockbox.

**12. Disclosure:** Owner acknowledges and understands that if the Virginia Residential Property Disclosure Act is applicable, then Owner must furnish an executed disclosure statement to a purchaser of the Property. If Owner does not furnish such disclosure statement as required by such Act, the purchaser has the right to terminate any contract to purchase the Property.

**13. Lead Based Paint:** Owner represents and warrants the Property **[select one]:** ❑ was **OR** ❑ was not  built before 1978. If the Property was built before 1978, all federally mandated lead based paints disclosure requirements apply to the Property.

**14. Septic System:** Pursuant to Va. Code §32.1-164.1:1, Owner must disclose to the purchaser if the septic system serving the Property fails to meet the current regulatory requirements and Owner has applied for or obtained a waiver from the Board of Health for the system. Owner represents and warrants **[select as applicable]:**
- ☒ The Property is not served by a septic system.
- ❑ The Property is served by a **[select one]:** ❑ conventional **OR** ❑ alternative  septic system but is not subject to a waiver. If an alternative system, is it subject to a maintenance contract? ❑ Yes **OR** ❑ No.
- ❑ The Property is served by a septic system and has been granted a waiver (or has applied for a waiver) which is not transferable to a purchaser. NOTE: Owner must provide notice of septic system waiver to purchaser.

**15. Home Warranty Insurance:** Owner has been advised of the availability of a home warranty program for the Property that covers malfunctions in certain systems and appliances (limitations apply). Owner **[select one]:** ☒ declines coverage **OR** ❑ elects to purchase a home warranty program.

**16. Recordings Within the Property:** If Owner records or allows remote monitoring of audio or video within the Property, Owner understands recording or transmitting audio or video of prospective purchasers or their representatives may result in violation of state and/or federal laws. Further, Owner acknowledges that prospective purchasers may photograph or video the interior of the Property. Owner should remove any items of a personal nature that Owner does not want photographed, recorded or transmitted, such as family photos, paperwork and other personally identifiable information. Owner hereby releases and indemnifies Broker, its agents and employees, from any liability which may result from Owner's recording or transmitting of audio or video on the Property, and from any other person photographing, recording or transmitting any audio, images, or video of the Property.

**17. Enforcement:** If Owner sells, conveys, or otherwise transfers the Property within  30  days after the expiration of this Agreement to a person or persons with whom Broker or any member of CVRMLS has negotiated as a prospective purchaser during the term of this Agreement, Broker shall be deemed to have earned the compensation provided herein and such compensation shall be due and payable to Broker pursuant to the terms of this Agreement; provided, however, that (i) Broker has given written notice to Owner of the name of such purchaser prior to the expiration of the term of this Agreement, and (ii) Owner has not entered into a valid listing agreement with any other licensed broker. Further, Owner Agrees if, (i) after a valid contract for the purchase of the Property is executed by Owner and any purchaser(s), there is a default by Owner which prevents performance of such contract through no fault of Broker, or (ii) Owner fails to fully perform the obligations of Owner set forth herein, then Broker may take action to enforce this Agreement or collect any costs, Fees and/or damages. Owner agrees to reimburse, indemnify and pay Broker, its agents and employees, for all of Broker's Fee, damages and collection costs incurred in the enforcement of this Agreement, including expenses and twenty-five percent (25%) attorney's fees.

**18. Other Terms:**
- The owner of the subject property is Peter J. Barrett, Trustee of the Bankruptcy Estate of Robert E. Hicks.
- Compensation must be approved by the U.S. Bankruptcy Court.
- Sale must be approved by the U.S. Bankruptcy Court.
- Property will convey by "Special Warranty" Deed.

**19. Standard Provisions:**

   A.   **Fair Housing:** Owner acknowledges that as a homeowner or landlord, Owner has a responsibility and a requirement under the law not to discriminate in the sale, rental and/or financing of property on the basis of race, color, religion, sex, handicap, familial status, elderliness or national origin. Owner cannot instruct Broker or its licensees to convey for Owner any limitations in the sale or rental since real estate professionals are also bound by law not to discriminate. Under the law, a homeowner or landlord cannot establish discriminatory terms or conditions in the purchase or rental, deny that housing is available or advertise that the property is available only to persons of a certain race, color, religion, sex, handicap, familial status, elderliness or national origin. In the sale, purchase, exchange, rental, or lease of real property, Broker has the responsibility to offer equal service to all clients and prospects without regard to race, color, religion, national origin, sex, elderliness, familial status, or handicap.

   B.   Owner acknowledges that Broker is representing Owner as a standard agent under this Agreement. In accordance with law, Broker hereby discloses to Owner that Broker and Broker's real estate licensees are the agents of Owner in connection with marketing the

This form was produced by Mr. Baker Ellett. CVR MLS forms may be used only by members in good standing of the Central Virginia Regional MLS.

Property under this Agreement. As such, Broker and its licensees owe Owner duties as defined in Section 54.1-2131, Code of Virginia. Broker and its licensees are required to treat all parties to a transaction honestly. Without breaching their duties to Owner, Broker and its licensees may provide prospective purchasers with information about the Property and may assist a prospective purchaser in preparing an offer to purchase the Property. Broker and its licensees have a duty to submit to Owner all offers to purchase the Property.  Broker and its licensees shall not disclose to prospective purchasers (or their real estate licensees) the terms of any other offers to purchase the Property received by Broker without Owner's prior written consent.

C.    This Agreement is intended solely to define the relationship between Owner and Broker. It is not intended to be an offer to sell to a third party, nor may any third party rely upon it as such an offer. Further, this Agreement does not confer upon Broker the power or authority to either make or accept an offer or counteroffer to sell the Property. The Property may be sold only by a written agreement executed by Owner, or by an attorney-in-fact for Owner under a written power of attorney. Broker's authority hereunder shall be limited to marketing the Property for sale and such activities as are necessary or incidental thereto, including without limitation accepting and holding an earnest money deposit in accordance with the Regulations of the Virginia Real Estate Board.

D.    If Owner withdraws the Property from the market during the initial term of this Agreement or any extension thereof, without written consent from Broker, or otherwise prevents Broker from selling the Property during the initial term or any extension thereof, Owner agrees to pay Broker the Fee set forth in paragraph 5 as compensation for its services hereunder.

E.    If, after a valid contract for the purchase of the Property is executed by Owner and a purchaser, there is a default by such purchaser which prevents performance of such contract through no fault of Owner, Broker agrees that Owner will not be liable for the Fee of Broker and that Broker shall look to such defaulting purchaser for compensation relating to such contract. Owner agrees that if such a default occurs, this Listing Agreement shall remain in effect between Owner and Broker until its expiration and that payment of the Fee of Broker by such defaulting purchaser or purchasers shall not satisfy an obligation which may arise if, subsequent to such default, another valid contract for the purchase of the Property is brought about by Broker.

F.    Owner agrees that during the initial term or any extension thereof, Broker is authorized to place "FOR SALE" signs on the Property, to remove any other "FOR SALE" signs and to take all appropriate action to bring about a sale of the Property. Owner agrees to make the Property available to Broker and real estate licensees employed by or affiliated with Broker at all reasonable hours for showing to prospective purchasers. Owner also agrees to refer to Broker all inquiries or offers which Owner may receive regarding the Property.

G.    In the event of a sale of the Property, Owner agrees to convey the Property to any purchaser by ~~general warranty deed with the usual English covenants of title and~~ free and clear from all encumbrances, tenancies, and liens (for taxes or otherwise), but subject to applicable easements and restrictive covenants of record not adversely affecting the use of the Property, and subject, in all events, to the specific terms and conditions contained in the contract of sale.

H.    Owner agrees that in consideration of the use of the services and facilities of Broker and/or CVRMLS, neither Broker, its officers, directors, employees and real estate licensees employed by or affiliated with Broker showing the Property to prospective purchasers, nor CVMLS, its directors, officers and employees, including officials of any Association of REALTORS®, shall be liable for any vandalism, theft or damage of any nature whatsoever to the Property or its contents during the initial term and any extension hereof, and Owner waives any and all rights, claims, and causes of action against any of them and holds them harmless for any property damage or personal injury arising from the use of or access to the Property by any person during the initial term and any extension thereof, but excluding property damage or personal injury arising out of their own negligence.

**20.**  This Agreement is a legally binding agreement which may not be modified or changed except by written instrument executed by the parties. It shall be construed, interpreted, and applied according to the laws of the Commonwealth of Virginia, and shall inure to the benefit of the parties hereto and their respective heirs, personal representatives, successors and assigns. No assignment of this Agreement shall be made without the prior written consent of the other parties. The parties hereto acknowledge that each of them has received a copy of this agreement. **Owner is advised to seek legal advice if the contents of this Agreement are not understood.**

**21.  Electronic Signatures**  In accordance with the Uniform Electronic Transactions Act regarding electronic signatures and transactions, the parties do hereby expressly authorize and agree to the use of electronic signatures as an additional method of signing and/or initialing this Agreement.

Witness the following duly authorized signatures:

_____          _____
Owner   Peter J. Barrett, Trustee    Date          Owner                                    Date

_____          _____
Owner                              Date          Owner                                    Date

By: _____          _____
      Signature of Broker or authorized agent      Date          G. Baker Ellett
                                                     Broker or authorized agent's printed name

COPYRIGHT©2019 by the Central Virginia Regional MLS, LLC (CVRMLS).  All rights reserved. This form may be used only by members in good standing of CVRMLS. The reproduction of this form, in whole or in part, or the use of the names "Central Virginia Regional MLS" or "CVRMLS" in connection with any other form, is prohibited without prior written consent of CVRMLS.

This form was produced by Mr. Baker Ellett. CVR MLS forms may be used only by members in good standing
of the Central Virginia Regional MLS.

InstanetFORMS

## **Exhibit B**

## **Declaration of G. Baker Ellett**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

In re:

**ROBERT E. HICKS**,

Debtor.

Chapter 7
Case No. 18-30214-KLP

<u>**DECLARATION OF G. BAKER ELLETT**</u>

I, G. Baker Ellett, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.       I am a real estate agent and the principal broker of Blue Dog Properties, Inc. ("**Blue Dog**") and I am duly authorized to make this declaration (the "**Declaration**") on behalf of Blue Dog.  I make this Declaration in support of <u>Application of the Trustee to Retain and Blue Dog Properties, Inc. as Real Estate Broker</u> (the "**Application**") and to provide the disclosures required under Section 327 of Title 11 of the United States Code (the "**Bankruptcy Code**"), the Rules of this Court, and Bankruptcy Rules 2014(a) and 2016(a).

2.       The facts set forth in this Declaration are based upon my personal knowledge and upon discussions with other Blue Dog professionals and review of Blue Dog's records that were reviewed by me or other Blue Dog professionals acting under my supervision and direction.  To the extent any information disclosed herein requires amendment or modification upon Blue Dog's completion of further review or as additional information becomes available, a supplemental declaration will be submitted to the Court reflecting such amended or modified information.  Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

9

3.      Blue Dog is a real estate firm located in Richmond, Virginia.  Blue Dog has extensive experience in residential real property located in Central Virginia and especially in the Museum District neighborhood of Richmond, Virginia where the 3232 Grove Avenue Property is located.  Blue Dog is well-qualified to provide such services to the Trustee in this case and is willing to accept employment on the basis set forth in the Application and Agreement.

4.      In preparing this Declaration, I reviewed the names of various parties-in-interest in this Chapter 7 case for conflicts.

5.      To the best of my knowledge, based on the review procedures described above, Blue Dog does not have any connections to interested parties, except as described in this Declaration.  Neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for a "connection" has been defined, and I am therefore uncertain what this Court may consider a "connection" requiring disclosure.  Out of an abundance of caution, therefore, I am disclosing representation(s) that are not, to my understanding, disqualifying or problematic under either the Bankruptcy Code or applicable standards of professional ethics.

6.      Blue Dog may have interacted with various parties in interest in this bankruptcy case in the context of unrelated sales and real estate transactions.  Blue Dog will not represent or act on behalf of any parties in interest with respect to the proposed sale of the Debtor's real property.

7.      Neither I, nor any employee of Blue Dog, as far as I have been able to ascertain, has any other connection with the Debtor, its creditors, or any other party in interest.  In the event Blue Dog discovers additional information that requires disclosure, Blue Dog will file a supplemental disclosure with the Court.

10

8.      To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Blue Dog, nor any professional of Blue Dog, holds or represents an interest adverse to the Debtor or its Estate, and Blue Dog is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code, in that: (i) Blue Dog has no connection with the Debtor, its creditors, the United States Trustee, any person employed in the Office of the United States Trustee, or any other party with an actual or potential interest in this Chapter 7 case, or their respective attorneys or accountants, except as set forth herein; (ii) Blue Dog is not a creditor, equity security holder, or insider of the Debtor; (iii) Blue Dog is not and was not, within two years of the Petition Date, a director, officer, or employee of the Debtor; and (iv) Blue Dog neither holds nor represents an interest materially adverse to the Debtor, its estate, or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.  Accordingly, I believe Blue Dog is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code.

9.      Blue Dog has not received any promises as to payment or compensation in connection with this Chapter 7 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee Guidelines, and as disclosed herein.

10.      Blue Dog intends to be compensated through payment of sales commissions, which shall be disclosed through the residential listing agreements filed with the Court.  Outside of the sales commission, Blue Dog will not receive any other compensation for the proposed engagement.

11

11.     Blue Dog intends to receive its compensation directly from the gross sale proceeds of the real property without a further fee application.  Such compensation will be disclosed and noticed in the applicable motion to sell.

12.     Blue Dog has not agreed to share any of its compensation from this Chapter 7 case with any other person, other than a person employed by Blue Dog, as permitted by Section 504 of the Bankruptcy Code.  Notwithstanding the foregoing, Blue Dog may agree, as is customary for Blue Dog and for residential real estate brokers generally, to split the agreed-upon commission(s) with the real estate broker(s) for the buyer(s).  Such compensation will be further disclosed in a sale contract and shall be more fully detailed in the applicable motion to sell.

To the best of my knowledge, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 1, 2019                          _/s/ G. Baker Ellett____
                                              G. Baker Ellett
                                              Blue Dog Properties, Inc.

12

## EXHIBIT C

## Proposed Order

Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:      (804) 771-5610
Facsimile:      (804) 644-0957
Email:           rwestermann@hirschlerlaw.com
                 akalyniuk@hirschlerlaw.com


*Counsel to the Chapter 7 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

In re:

**ROBERT E. HICKS**,

Debtor.

Chapter 7
Case No. 18-30214-KLP

## ORDER AUTHORIZING THE TRUSTEE TO RETAIN AND EMPLOY
## BLUE DOG PROPERTIES, INC. AS REAL ESTATE BROKER

This matter came before the Court upon the <u>Application of the Trustee to Retain and Employ Blue Dog Properties, Inc. as Real Estate Broker</u> (the "**Application**").  The Court having reviewed (i) the Application; (ii) the residential real estate agreement (the "**Agreement**") between the Chapter 7 Trustee (the "**Trustee**") and Blue Dog Properties, Inc. ("**Blue Dog**") attached to the Application as **Exhibit A**; and (iii) the Declaration of G. Baker Ellett, attached to the Application as **Exhibit B** (the "**Declaration**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding pursuant to 28 U.S.C. § 157; and the Court having determined that notice of the Application was sufficient under the circumstances; and the Court having determined that the Application and Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court, and the Court having found that Blue Dog does not hold or represent any interest adverse to the Debtor's estate and is a "disinterested person," as defined in Section

101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code and

Bankruptcy Rule 2014; and the Court having found that the proposed employment of Blue Dog in

accordance with the Application and this Order is in the best interest of the Debtor, its estate, its

creditors, and parties in interests; and the Court having determined that the legal and factual bases

set forth in the Application and Declaration establish just cause for the relief granted herein, it is

hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Application is hereby **APPROVED**.

2.      The Trustee is authorized to retain and employ Blue Dog as real estate broker,

pursuant to Section 327(a) of the Bankruptcy Code.

3.      The employment approved by this Order is to be compensated pursuant to the terms

of the Agreement attached as **Exhibit A** to the Application and any subsequent residential

agreement filed and approved by the Court.

4.      The Trustee is authorized to pay Blue Dog its proposed sales commission pursuant

to the Agreement and any subsequent agreement filed and approved by the Court without filing a

fee application with the Court.

5.      To the extent the Trustee identifies other real property for sale by Blue Dog, the

Trustee shall file a notice of the respective residential listing agreement with the Court.  The

Trustee shall serve such residential listing agreement on the U.S. Trustee and any lender secured

by the real property.  All parties-in-interest and creditors shall have ten (10) business days to object

to the residential listing agreement.  If an objection is timely filed, the matter shall be set for

hearing.  If no objection is timely filed, then the residential listing agreement shall be deemed

approved without further order from the Court.

6.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived.

7.      The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

Dated: _____                                _____
Richmond, Virginia                                       United States Bankruptcy Judge

                                                                Entered on Docket: _____

I ask for this:

/s/ Draft
Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:    (804) 771-5610
Facsimile:    (804) 644-0957
Email:        rwestermann@hirschlerlaw.com
              akalyniuk@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

## <u>CERTIFICATE PURSUANT TO LOCAL BANKRUPTCY RULE 9022-1(C)</u>

I hereby certify that the foregoing Order has been endorsed by and/or served on all necessary parties.

<div align="center">

*/s/ Draft*
*Counsel to the Chapter 7 Trustee*

</div>

## <u>COPIES TO:</u>

**Robert E. Hicks, Debtor**
c/o Robert A. Canfield
Canfield, Wells & Kruck, LLP
4124 E. Parham Road
Henrico, Virginia 23228

**April Straus**
c/o Bill Baldwin
Meyer, Baldwin, Long, & Moore LLP
5600 Grove Avenue
Richmond, Virginia 23226

**Peter J. Barrett, Chapter 7 Trustee**
Kutak Rock LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219

**Robert B. Van Arsdale**
Office of the U. S. Trustee
701 East Broad Street, Suite 4304
Richmond, Virginia 23219

**Jennifer J. West, counsel to Citizens & Farmers Bank**
Spotts Fain PC
411 E. Franklin Street
Suite 600
Richmond, Virginia 23219

**Daniel Kevin Eisenhauer, counsel to Franklin American Mortgage Company**
Stern & Eisenberg Mid-Atlantic, PC
9920 Franklin Square Dr., Suite 100
Baltimore, Maryland 21236

**Horizon Forest Products, L.P.**
c/o W. Ashley Burgess, Esquire
Sands Anderson PC
P.O. Box 1998
1111 E. Main Street, 24th Floor
Richmond, Virginia 23218

**The Sherwin-Williams Company**
c/o Solodar & Solodar
4825 Radford Ave, Suite 201
Richmond, Virginia 23230

**Mark K. Brown**
c/o David Oberg
917 E. Jefferson Street
Charlottesville, Virginia 22902-0000

**Mark K. Brown**
454 Pewter Ct., No. 301
Charlottesville, Virginia 22911

**Noland Company**
c/o Derrick Rosser
211-A England Street
Ashland, Virginia 23005-0000

**Noland Company**
2101 Staples Mill Road
Richmond, Virginia 23230-0000