Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:     (804) 771-5610
Facsimile:     (804) 644-0957
Email:         rwestermann@hirschlerlaw.com
               akalyniuk@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| **IN RE:**<br><br>**ROBERT E. HICKS**,<br><br>　　　　**DEBTOR.** | Chapter 7<br>Case No. 18-30214-KLP |
| **PETER J. BARRETT, IN HIS CAPACITY AS CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF ROBERT E. HICKS,**<br><br>　　　　**PLAINTIFF,**<br><br>**V.**<br><br>**MARK K. BROWN; CITIZENS AND FARMERS BANK; THE CITY OF RICHMOND; FRANKLIN AMERICAN MORTGAGE COMPANY; HORIZON FOREST PRODUCTS, L.P.; NOLAND COMPANY; THE SHERWIN-WILLIAMS COMPANY; AND APRIL STRAUS,**<br><br>　　　　**DEFENDANTS.** | Adversary Proceeding No. _____ |

## **COMPLAINT**

Peter J. Barrett, Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Robert E. Hicks, by counsel, files this *Complaint* (the "**Complaint**") against Mark K. Brown; Citizens and Farmers Bank; the City of Richmond; Franklin American Mortgage Company; Horizon Forest Products, L.P.; Noland Company; The Sherwin-Williams Company, and April Straus (collectively, the "**Defendants**" and each individually, a "**Defendant**") and in support states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the general order of reference from the U.S. District Court for the Eastern District of Virginia.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(1)(A), (F), (H), (K), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for relief are 11 U.S.C. §§ 105, 547, 548, and 549, and Federal Rule of Bankruptcy Procedure 7001.

### Nature of the Action

5. The Trustee brings this action to avoid certain liens that were improperly levied upon the Debtor's personal residence at 3232 Grove Avenue, Richmond, Virginia 23221 (the "**Grove Avenue Property**"), and to determine the validity, priority, and extent of the remaining liens on the Grove Avenue Property. The Grove Avenue Property is more particularly described as:

**ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, TOGETHER WITH ALL IMPROVEMENTS THEREON BELONGING, KNOWN, NUMBERED AND DESIGNATED AS NO. 3232 GROVE AVENUE, LYING AND BEING IN THE CITY OF RICHMOND, VIRGINIA AND DESCRIBED AS FOLLOWS:**

**BEGINNING AT THE NORTHEASTERN INTERSECTION OF GROVE AVENUE AND TILDEN STREET, THENCE RUNNING EASTWARDLY ALONG AND FRONTING ON THE NORTH LINE OF GROVE AVENUE 33 FEET AND EXTENDING BACK NORTHWARDLY FROM SAID FRONT BETWEEN THE EAST LINE OF TILDEN STREET AND A LINE PARALLEL THEREWITH 140 FEET TO AN ALLEY 12 FEET WIDE, ALL AS SHOWN ON A PLAT OF SURVEY BY A.G. HAROCOPOS & ASSOCIATES, P.C., CERTIFIED LAND SURVEYOR AND CONSULTANT, DATED APRIL 29, 1992, ATTACHED TO AND MADE A PART OF DEED IN DEED BOOK 302, PAGE 1875 AND TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF THE PROPERTY HEREBY CONVEYED.**

**BEING THE SAME REAL ESTATE CONVEYED TO ROBERT E. HICKS AND APRIL G. STRAUS BY DEED FROM APRIL G. STRAUS, DATED JANUARY 12, 2016 AND RECORDED MARCH 11, 2016, IN THE CLERK'S OFFICE, CIRCUIT COURT, CITY OF RICHMOND, VIRGINIA, AS INSTRUMENT NUMBER 160004380.**

## Background

6. On January 16, 2018 (the "**Petition Date**"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Bankruptcy Case**"), which was converted to one under Chapter 7 of the Bankruptcy Code on April 10, 2018, whereby the Trustee was appointed as the interim Chapter 7 Trustee.

7. In connection with this Bankruptcy Case, the Trustee seeks to sell the Grove Avenue Property through traditional residential real estate listing methods in the exercise of the Trustee's business judgment. The Trustee believes this will generate the highest return for the Grove Avenue Property. To maximize recovery for the benefit of the creditors, this Complaint seeks to avoid certain liens and to determine the priority of the secured claims on the Grove Avenue Property.

[*Remainder of Page Left Blank Intentionally*]

**Liens on the Grove Avenue Property**

8. Upon information and belief, Franklin American Mortgage Company ("**Franklin American Mortgage**") has a deed of trust on the Grove Avenue Property (the "**Franklin American Mortgage Lien**"), as serviced by Cenlar FSB, secured in the amount of no greater than **$522,638.89**. True and correct copies of the Franklin American Mortgage note and deed of trust are attached hereto as **Exhibit A**.

9. Upon information and belief, Citizens and Farmers Bank ("**C&F Bank**") has a deed of trust on the Grove Avenue Property (the "**C&F Lien**") secured in the amount of no greater than **$200,848.31**. True and correct copies of the C&F Bank equity line agreement and deed of trust are attached hereto as **Exhibit B**.

10. Upon information and belief, Mark K. Brown ("**Brown**") is a natural person who, upon information and belief, resides in Charlottesville, Virginia. Since 2015, Brown made several loans, secured by real property, to business entities associated with the Debtor.

> (a) On March 24, 2015, Brown made a loan to Mulberry Investments, LLC ("**Mulberry Investments**") which was secured by property located at 3116 Grove Avenue, Richmond, Virginia 23221 (the "**Brown Credit Line Deed of Trust**"). The Brown Credit Line Deed of Trust was made by and between Mulberry Investments and Brown, and, upon information and belief, Mulberry Investments is solely liable for the indebtedness. On April 14, 2015, the Credit Line Deed of Trust was modified (the "**Brown Loan Modification Agreement**") to include a larger line of credit up to **$75,000.00**. A true and correct copy of the Brown Credit Line Deed of

      Trust and Brown Loan Modification Agreement is attached hereto as **Exhibit C**.

  (b) On July 19, 2017, a supplemental deed of trust (the "**Brown Supplemental Deed of Trust**") was signed between Brown, as lender, and the Debtor and April Straus, as grantors, and recorded in the Circuit Court of the City of Richmond on August 21, 2017. The Brown Supplemental Deed of Trust purported to convey the Grove Avenue Property to the Lender in consideration of loans secured by the Brown Loan Modification Agreement and another deed of trust dated November 12, 2015. A true and correct copy of the Brown Supplemental Deed of Trust is attached hereto as **Exhibit D**.

  (c) Upon information and belief, Brown seeks to assert the Brown Supplemental Deed of Trust as a lien on the Grove Avenue Property in the amount of **$46,492.00** (the "**Brown Lien**").

11. Upon information and belief, the City of Richmond ("**City of Richmond**") is a municipality which obtained a judgment **post-Petition Date** against the Debtor on April 17, 2018, in the amount of **$260.00** with 5% interest from June 7, 2017, plus **$1.40** in costs and attorney's fees in the amount of **$52.00** (the "**City of Richmond Judgment**"). Upon information and belief, the City of Richmond Judgment was docketed in the Circuit Court of the City of Richmond on May 23, 2018 and a lien was levied on the Grove Avenue Property (the "**City of Richmond Lien**"). A true and correct copy of the City of Richmond Lien is attached hereto as **Exhibit E**.

12. Upon information and belief, Horizon Forest Products, L.P. ("**Horizon**") is a Delaware limited partnership which obtained a judgment against Renew Renovations LLC (the

"**Horizon Judgment**"). On October 30, 2017, Horizon caused the Horizon Judgment to be docketed in the Circuit Court of the City of Richmond in the amount of **$13,043.52** with 18% interest from July 31, 2017, plus **$58.00** in costs and attorney's fees in the amount of **$3,260.88**, and a lien was levied on the Grove Avenue Property (the "**Horizon Lien**"). A true and correct copy of the Horizon Lien is attached hereto as **Exhibit F**.

13. Upon information and belief, Noland Company ("**Noland**") is a Virginia corporation which obtained a judgment against Renew Renovations, LLC (the "**Noland Judgment**"). On October 18, 2017, Noland caused the Nolan Judgment to be docketed in the Circuit Court of the City of Richmond in the amount of **$10,881.00** with 18% interest from June 17, 2017, plus **$70.00** in costs and attorney's fees in the amount of **$2,852.73**, and a lien was levied on the Grove Avenue Property (the "**Noland Lien**"). A true and correct copy of the Noland Lien is attached hereto as **Exhibit G**.

14. Upon information and belief, The Sherwin-Williams Company ("**Sherwin-Williams**") is an Ohio corporation who obtained a judgment against Renew Renovations, LLC on July 6, 2017 (the "**Sherwin-Williams Judgment**") in the amount of **$11,796.88** with 18% interest from March 20, 2017, plus **$174.00** in costs and attorneys' fees in the amount of **$2,949.22**. Upon information and belief, and based on the proof of claim filed by Sherwin-Williams in this Bankruptcy Case, on July 21, 2017, the Sherwin-Williams Judgment was docketed in the Circuit Court of the City of Richmond in instrument number 17-012248, and a lien was levied on the Grove Avenue Property (the "**Sherwin-Williams Lien**"). A true and correct court entry of the Sherwin-Williams Judgment is attached hereto as **Exhibit H**.

15. Upon information and belief, April Straus ("**April Straus**") is a natural person who owns a joint interest in the Grove Avenue Property along with the Debtor (April Straus and the

Debtor do not own the Grove Avenue Property as tenants by the entirety). April Straus is a named Defendant because this action will affect her rights towards the proceeds of any future sale of the Grove Avenue Property.

**Count I: Avoidance of the Horizon Lien and Noland Lien as Preferential Transfers under Section 547 of the Bankruptcy Code against Horizon and Noland**

16. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 15 as if fully set forth herein.

17. "For purposes of § 547(b), the docketing of a judgment lien constitutes a transfer to or for the benefit of a creditor, which is subject to avoidance." *Babiker v. Citizens Contracting Co.* (*In re Babiker*), 180 B.R. 458, 460 (Bankr. E.D. Va. 1994) (citing 11 U.S.C. §§ 101(54), 547(b), and 547(e)(1)(A); VA. CODE ANN. § 8.01-458; 4 Collier on Bankruptcy P 547.03[1][A], at 547–19 (Lawrence P. King ed., 15th ed. 1994)).

18. The Horizon Lien and Noland Lien, as attached to the Grove Avenue Property, constitute an interest of the Debtor in property.

19. The Horizon Lien and Noland Lien were both docketed on or within ninety (90) days before the Petition Date.

20. The docketing of the Horizon Lien and Noland Lien constitute "transfers" of an interest of the Debtor in property as provided in 11 U.S.C. § 101(54).

21. Upon information and belief, Horizon and Noland were creditors of the Debtor at the time the avoidable transfers were made.

22. The Horizon Lien was made to or for the benefit of Horizon.

23. The Noland Lien was made to or for the benefit of Noland.

24. Upon information and belief, the Horizon Lien and Noland Lien were made for or on account of antecedent debts owed by the Debtor to the respective creditors before such transfers was made.

25. Upon information and belief, the Debtor was insolvent when the transfers were made. The Debtor is presumed to have been insolvent during the 90 days prior to the Petition Date. *See* 11 U.S.C. § 547(f).

26. Upon information and belief, the Horizon Lien and Noland Lien were not made to be contemporaneous exchanges for new value given to the Debtor.

27. Upon information and belief, the Horizon Lien and Noland Lien were not made in the ordinary course of business or financial affairs of the Debtor.

28. Upon information and belief, the Horizon Lien would enable Horizon to receive more than Horizon would receive if the case was filed under Chapter 7 of Title 11 of the U.S. Code; the transfer had not been made; and if Horizon had received the payment of such debt to the extent provided by the provisions of Title 11 of the U.S. Code. In other words, the docketing of the Horizon Lien elevated Horizon to the status of a secured creditor, which would require the Debtor to pay more to Horizon than the amount that Horizon would otherwise receive as an unsecured creditor.

29. Upon information and belief, the Noland Lien would enable Noland to receive more than Noland would receive if the case was filed under Chapter 7 of Title 11 of the U.S. Code; the transfer had not been made; and if Noland had received the payment of such debt to the extent provided by the provisions of Title 11 of the U.S. Code. In other words, the docketing of the Noland Lien elevated Noland to the status of a secured creditor, which would require the Debtor to pay more to Noland than the amount that Noland would otherwise receive as an unsecured creditor.

30. For the foregoing reasons, the Horizon Lien and Noland Lien should be avoided and eliminated as to the Grove Avenue Property and set aside as preferential transfers pursuant to Section 547 of the Bankruptcy Code.

**Count II: Avoidance of the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien as Fraudulent Transfers under Section 548(a)(1)(B) of the Bankruptcy Code Against Brown, Horizon, Noland, and Sherwin-Williams**

31. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 30 as if fully set forth herein.

32. The Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien constitute "transfers" under 11 U.S.C. § 101(54) of the Debtor's interest in property (*i.e.*, the Grove Avenue Property) and/or were obligations incurred by the Debtor (*i.e.*, a purported security interest in the Debtor's interest in the Grove Avenue Property).

33. The Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien were made or incurred within 2 years of the Petition Date.

34. The Debtor voluntarily or involuntarily:

    (a) Received less than equivalent value in exchange for the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien because, upon information and belief, the aforementioned liens were all debts incurred by the Debtor's businesses, and not obligations of the Debtor himself, thus the Debtor did not receive the equivalent, or any, value in exchange for the liens; and

    (i) The Debtor was insolvent on the date that such transfers were made or such obligations were incurred, or became insolvent as a result of such transfers or obligations;

    (ii)    The Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital;

    (iii)    The Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; or

    (iv)    The Debtor made such transfers to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

35. For the foregoing reasons, the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien should be avoided and eliminated as to the Grove Avenue Property and set aside as fraudulent transfers pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**Count III: Avoidance of the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien as Fraudulent Transfers under Section 548(a)(1)(A) of the Bankruptcy Code**

36. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37. The Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien constitute "transfers" under 11 U.S.C. § 101(54) of the Debtor's interest in property (*i.e.*, the Grove Avenue Property) and/or were obligations incurred by the Debtor (*i.e.*, a purported security interest in the Debtor's interest in the Grove Avenue Property).

38. The Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien were made or incurred within 2 years of the Petition Date.

39. The Debtor voluntarily or involuntarily made the transfers or incurred the obligations with actual intent to hinder, delay, or defraud any entity to which the Debtor was or became, on or after the date that the liens were made or incurred, indebted.

40. "Actual intent" in this circumstance can be inferred from the following badges of fraud at a minimum:

    (a) The Debtor's insolvency or indebtedness during the time that the transfers were made and/or obligations were incurred;

    (b) Reservation of benefits, control, or dominion of the Grove Avenue Property by the Debtor; and/or

    (c) There was existing litigation against the Debtor at the time that the transfers were made and/or the obligations were incurred.

41. The transfers were made and/or the obligations were incurred to hinder, and/or delay, and/or defraud the Debtor's existing creditors at the time because the liens were improperly levied on the Debtor's personal residence at the Grove Avenue Property. Upon information and belief, the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien were related to the Debtor's businesses, and the Debtor was not personally obligated to re-pay said judgments. Accordingly, the docketing of the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien on the Debtor's personal residence was made to hinder, delay, or defraud the Debtor's other existing creditors at the time.

42. For the foregoing reasons, the Trustee requests that the Brown Lien, Horizon Lien, Noland Lien, and Sherwin-Williams Lien be avoided and eliminated as to the Grove Avenue Property as fraudulent transfers under Section 548(a)(1)(A) of the Bankruptcy Code.

### Count IV: Avoidance of the City of Richmond Lien as a Post-Petition Date Transaction under Section 549 of the Bankruptcy Code Against the City of Richmond

43. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. The City of Richmond Lien was a transfer of property of the Estate made after the commencement of the Bankruptcy Case.

45. Upon information and belief, the City of Richmond Lien was authorized under Section 303(f) and/or 542(c) of the Bankruptcy Code; or

46. Upon information and belief, the City of Richmond Lien was not authorized under Title 11 of the United State Code and/or by the Court in this Bankruptcy Case.

47. For the foregoing reasons, the Trustee requests that the City of Richmond Lien be avoided and eliminated as to the Grove Avenue Property as a post-Petition Date transfer under Section 549 of the Bankruptcy Code.

### Count VI: Declaratory Judgment to Determine the Validity, Extent, and Priority of Liens against all Defendants

48. The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49. In light of the foregoing counts, the Trustee seeks a declaratory judgment pursuant to Bankruptcy Rule 7001 to determine the validity, extent, and priority of liens on the Grove Avenue Property.

50. Upon information and belief, the Franklin American Mortgage Lien is a first-priority lien on Grove Avenue Property that is secured by the Grove Avenue Property in an amount of no more than **$522,638.89**.

51. Upon information and belief, the C&F Bank Lien is a second-priority lien on the Grove Avenue Property that is secured by the Grove Avenue Property in an amount of no more than **$200,848.31**.

52. Upon information and belief, the Brown Lien is invalid as asserted against the Grove Avenue Property in its entirety because, at a minimum, it originates from an invalid loan that violates the usury laws of Virginia by charging a fixed annual interest rate of 25% per annum, and/or is based on a business debt of Mulberry Investments or Renew Properties, LLC which cannot be levied on the Debtor's personal assets owned as joint tenant, such as the Grove Avenue Property.

53. Upon information and belief, the Horizon Lien is invalid as asserted against the Grove Avenue Property in its entirety because it originates from a judgment against Renew Renovations, LLC, and is thus a business debt of Renew Renovations, LLC that cannot be levied on the Debtor's personal assets owned as a joint tenant, such as the Grove Avenue Property.

54. Upon information and belief, the Noland Lien is invalid as asserted against the Grove Avenue Property in its entirety because it originates from a judgment against Renew Renovations, LLC, and is thus a business debt of Renew Renovations, LLC that cannot be levied on the Debtor's personal assets owned as a joint tenant, such as the Grove Avenue Property.

55. Upon information and belief, the Richmond City Lien is invalid as asserted against the Grove Avenue Property in its entirety because it is a post-Petition Date violation of the automatic stay under Section 362(a)(4) of the Bankruptcy Code because the City of Richmond Lien is a "lien against property of the estate" that was created post-Petition Date.

56. Upon information and belief, the Sherwin-Williams Lien is invalid as asserted against the Grove Avenue Property in its entirety because it originates from a judgment against

Renew Renovations, LLC, and is thus a business debt of Renew Renovations, LLC that cannot be levied on the Debtor's personal assets owned as a joint tenant, such as the Grove Avenue Property.

57.     This Court should determine which of the Defendants have proven the validity, priority, or extent of their respective liens, claims, encumbrances, and/or interests in the Grove Avenue Property in order to determine the amount of the distribution they are entitled to receive from the proceeds of the anticipated sale of the Grove Avenue Property.

58.     The Trustee requests that the Defendants be required to prove their respective interests in the Grove Avenue Property, and those who fail to do so, are precluded from either (i) thereafter asserting or proving ownership or title to the Grove Avenue Property; or (ii) sharing in the receipt of proceeds in accordance with the requirements of Section 363(p)(2) of the Bankruptcy Code.

59.     The Trustee reserve his rights to supplement and/or amend Count VI to include additional facts, theories, and transfers as such may be discovered during the course of this Adversary Proceeding.

**Count VII: Claim Objections as to Brown, Horizon, Noland, and Sherwin- Williams**

60.     The Trustee repeats and re-alleges each and every allegation contained in paragraphs 1 through 59 as if fully set forth herein.

61.     Bankruptcy Rule 3007(b) allows the Trustee to assert claim objections in adversary proceedings.

62.     On February 6, 2018, Noland filed proof of claim number 3 ("**Proof of Claim 3**") and asserted **$14,556.58** as an unsecured claim. Pursuant to the allegations set forth in this Complaint, the Trustee seeks to have the Noland Lien avoided and/or deemed invalid as to the

Grove Avenue Property, and the Trustee asserts that Proof of Claim 3 be **disallowed** or deemed an **unsecured claim** in the amount of **$14,556.58**.

63. On March 23, 2018, Sherwin-Williams filed proof of claim number 16 ("**Proof of Claim 16**") and asserted **$16,671.21** as a secured claim. Pursuant to the allegations set forth in this Complaint, the Trustee seeks to have the Sherwin-Williams Lien avoided and/or deemed invalid, and the Trustee asserts that Proof of Claim 16 be **disallowed** or deemed an **unsecured claim** in the amount of **$16,671.21**.

64. On April 27, 2018, Brown filed proof of claim number 17 ("**Proof of Claim 17**") and asserted **$46,492.00** as an unsecured claim. Proof of Claim 17 appears to be filled out incorrectly, thus the Trustee cannot fully ascertain if Proof of Claim 17 asserts a secured claim or unsecured claim. For the foregoing reasons, the Trustee asserts that the amounts claimed in Proof of Claim 17 should be **disallowed** or deemed an **unsecured claim** in the amount of **$46,492.00**.

65. On May 23, 2018, Horizon filed proof of claim number 23 ("**Proof of Claim 23**") and asserted **$17,449.48** as a secured claim. Pursuant to the allegations set forth in this Complaint, the Trustee seeks to have the Horizon Lien avoided and/or deemed invalid, and the Trustee asserts that Proof of Claim 23 be **disallowed** or deemed an **unsecured claim** in the amount of **$17,449.48**.

## No Prior Request

66. The Trustee has not filed any previous complaint and/or motion in this Court requesting the relief sought herein.

## Relief Requested

67. **WHEREFORE**, the Trustee prays that this Court enter an order granting judgment (the "**Judgment**") to the Trustee for the following relief:

(a) A determination that the Franklin American Mortgage Lien is the first-priority lien on the Grove Avenue Property secured in the amount of no greater than **$522,638.89**;

(b) A determination that the C&F Bank Lien is the second-priority lien on the Grove Avenue Property secured in the amount of no greater than **$200,848.31**;

(c) Avoidance of the Brown Lien as a fraudulent transfer under Sections 548(a)(1)(A) and/or (B) of the Bankruptcy Code; and/or a determination that the Brown Lien is invalid as levied against the Grove Avenue Property;

(d) Avoidance of the Horizon Lien as a preferential transfer under Section 547 of the Bankruptcy Code; and/or avoidance of the Horizon Lien as a fraudulent transfer under Sections 548(a)(1)(A) and/or (B) of the Bankruptcy Code; and/or a determination that the Horizon Lien is invalid as levied against the Grove Avenue Property;

(e) Avoidance of the Noland Lien as a preferential transfer under Section 547 of the Bankruptcy Code; and/or avoidance of the Noland Lien as a fraudulent transfer under Sections 548(a)(1)(A) and/or (B) of the Bankruptcy Code; and/or a determination that the Noland Lien is invalid as levied against the Grove Avenue Property;

(f) Avoidance of the Sherwin-Williams Lien as a fraudulent transfer under Sections 548(a)(1)(A) and/or (B) of the Bankruptcy Code; and/or a determination that the Sherwin-Williams Lien is invalid as levied against the Grove Avenue Property;

(g) Avoidance of the City of Richmond Lien as a post-Petition Date transaction under Section 549 of the Bankruptcy Code; and/or a determination that the City of Richmond Lien is invalid as a violation of the automatic stay under Section 362(a)(4) of the Bankruptcy Code;

(h) A determination that, except for the other joint owner of the Grove Avenue Property, the priorities established in Subsections (a) and (b) of this Paragraph, and any other interest that may be proved to validly exist on the Grove Avenue Property during the pendency of this case, no other entity can share in the receipt of proceeds of a future sale of the Grove Avenue Property in accordance with the requirements of Section 363(p)(2) of the Bankruptcy Code; and

(i) Sustaining the Trustee's claim objections and providing that Proof of Claim 3 be **disallowed** or deemed an **unsecured claim** in the amount of **$14,556.58**; Proof of Claim 16 be **disallowed** or deemed an **unsecured claim** in the amount of **$16,671.21**; Proof of Claim 17 be **disallowed** or deemed an **unsecured claim** in the amount of **$46,492.00**; and Proof of

Claim 23 be **disallowed** or deemed an **unsecured claim** in the amount of **$17,449.48**.

## Conclusion

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order granting Judgment in favor of the Trustee that incorporates the relief requested herein, and granting the Trustee any other and further relief that the Court deems proper.

Dated: March 11, 2019

/s/ *Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Alexander R. Kalyniuk (VSB No. 92325)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:   (804) 771-5610
Facsimile:   (804) 644-0957
Email:   rwestermann@hirschlerlaw.com
           akalyniuk@hirschlerlaw.com

*Counsel to the Chapter 7 Trustee*